IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL JAMES WALKER,      §
TDCJ-CID NO.1269877,       §
   Petitioner, §
v.                         §   CIVIL ACTION NO. H-12-0866
                           §
RICK THALER,               §
   Respondent.  §

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Michael James Walker, a state inmate incarcerated in the Stringfellow Unit, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging disciplinary proceeding number 20110324359.  After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows:

BACKGROUND AND CLAIMS

Petitioner was convicted of murder and sentenced to fifteen years imprisonment on August 19, 2004, in Fort Bend County, Texas in cause number 39852.  Texas Court website.[1]  On July 25, 2011, petitioner was convicted of a major disciplinary offense of establishing an inappropriate relationship with a female guard at the Ramsey I Unit.  (Docket Entry No.1).  He was punished with line class reduction, commissary and recreation restrictions, and loss

---

1 http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=04797474
(viewed May 15, 2012).

of forty-five days of contact visits and sixty days of good time credit; he was also transferred to another unit.  (<u>Id.</u>).   He grieved the conviction but his grievances were denied.  (<u>Id.</u>).

In the pending habeas action, petitioner contends his rights under the Due Process Clause of the Fourteenth Amendment were violated because there was no evidence to substantiate the charge and support the conviction and he suffered the loss of good-time credit.  (<u>Id.</u>).  Petitioner seeks federal habeas relief to reverse the conviction and restore his line class status and good time credits.  (<u>Id.</u>).

<u>ANALYSIS</u>

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns.  <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997).  Commissary and cell restriction are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  <u>Id.</u> Moreover, a reduction in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the Due Process Clause.  <u>Malchi v. Thaler</u>, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a

2

punishment sanction that included forfeiture of previously accrued good time credits and be eligible for mandatory supervised release. Id. Petitioner acknowledges that he is not entitled to release on mandatory supervision. (Docket Entry No.1). Therefore, petitioner has no constitutionally protected interest in such release. Accordingly, no cognizable federal habeas claim is raised in this petition.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the

Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

### CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.4) is GRANTED.

2. Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

3. This action is DISMISSED with prejudice for failure to state a claim.

4. A certificate of appealability is DENIED.

5. All pending motions are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on _____, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4